Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives, the Full Commission MODIFIES IN PART and AFFIRMS IN PART the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in the I.C. Form 21 Agreement for Compensation, which was approved by the Industrial Commission on August 11, 1994, in the I.C. Form 26 Supplemental Agreements for Compensation which were approved by the Commission on May 12, 1995, and in the Pre-Trial Agreement, which was filed by the parties on January 17, 1996, which are incorporated by reference as if fully set forth herein and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the North Carolina Industrial Commission has jurisdiction over the parties and the subject matter.
2. The employer-employee relationship existed between the plaintiff-employee and defendant-employer self-insured on February 22, 1993.
3. The defendant is self-insured.
4. A Form 21 was approved on August 11, 1994, providing that plaintiff's average weekly wage on February 22, 1993, was $425.57, resulting in a weekly compensation rate of $283.71 and admitting that plaintiff sustained a compensable injury to his right knee and pelvis on February 22, 1993.
5. The plaintiff returned to work as a fork lift operator on April 25, 1993.
6. A Form 26 was approved on May 12, 1995, for a 10% permanent partial disability for plaintiff's right knee.
7. The parties stipulated one hundred and fifteen pages of medical reports into evidence from the following:
a. Rowan Memorial Hospital.
 b. Dr. Jonathan P. Jarow, Bowman Gray School of Medicine, Department of Urology.
 c. Dr. James F. Toole, Bowman Gray School of Medicine, Department of Neurology.
 d. Dr. Dennis L. Hill, University Hospital — The Sleep Center.
e. Dr. H. Boyd Watts.
f. Dr. Lee Johnson, Salisbury Urological Clinic, P.A.
 g. Dr. Robert H. Beaver, Sikes, Beaver Wassel, Orthopedic Clinic, P.A.
8. The issues for determination are:
 a. What amount of permanent partial disability, if any, is the plaintiff entitled to receive due to his inability to sustain an erection, related to the admittedly compensable pelvic injury?
 b. Is the plaintiff entitled to an award of future medical expenses for the compensable pelvic injury?
 ***********
Based upon the competent evidence of record herein, the Full Commission modifies in part and adopts in part the Findings of Fact of the deputy commissioner and finds as follows:
 FINDINGS OF FACT
1. On February 22, 1993, the plaintiff, a forty-two year old married male, sustained an admittedly compensable injury to his right knee and pelvis when the pallet jack he was operating collided with a storage rack, crushing the plaintiff between the rack and the pallet jack. Prior to the compensable injury, the plaintiff did not experience erectile dysfunction.
2. Following the admittedly compensable pelvic fracture, the plaintiff began to experience erectile dysfunction, for which he was referred to Dr. Jonathan P. Jarow, urologist, of the Bowman Gray School of Medicine. Following testing, Dr. Jarow opined that the plaintiff had permanent neurogenic impotence most likely due to a neurogenic or vasculogenic injury associated with his pelvic fracture, for which treatment options included penile implant, self injection therapy, or use of a vacuum erection device.
3. The plaintiff elected to proceed with the self injection therapy for erectile dysfunction. The plaintiff must inject himself with Prostaglandin E1 prior to having intercourse, and he is limited to using eight injections per month. Plaintiff stands to operate a forklift at work since whenever he sits "too long", he becomes numb in his groin area.
4. The plaintiff is capable of maintaining an erection and engaging in intercourse with use of the self injection therapy.
5. Dr. Jarow has noted that the plaintiff will continue to require injection therapy to treat his erectile dysfunction and will require follow-up visits to monitor his condition and the therapy.
6. The plaintiff does not suffer any bladder or urinary dysfunction as a result of the admittedly compensable injury.
7. Plaintiff has sustained a permanent injury to his penis, an important organ or part of his body, which has resulted in erectile dysfunction. Plaintiff is entitled to equitable compensation for his injury.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As a result of the admittedly compensable injury, the plaintiff has sustained a permanent neurogenic injury to his penis, an important organ or part of his body, which has resulted in an erectile dysfunction. Pursuant to N.C. Gen. Stat. § 97-31(24), the plaintiff is entitled to an award for loss or permanent injury to an important organ. The Full Commission is of the opinion that the proper and equitable amount of compensation for plaintiff's permanent injury is $15,000.00.
2. As a result of the admittedly compensable injury sustained on February 22, 1993, the plaintiff is entitled to payment of medical expenses incurred, or to be incurred, for treatment and follow-up for his erectile dysfunction. N.C. Gen. Stat. § 97-2(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendants shall pay to the plaintiff the sum of $15,000.00 for permanent damage to his penis. This shall be payable in a lump sum.
2. A reasonable attorney's fee of $2,000.00 is hereby approved for plaintiff's now withdrawn counsel which shall be deducted from sums due plaintiff and paid directly to plaintiff's former counsel.
3. Defendants shall pay all medical expenses incurred, or to be incurred in the future, as a result of treatment for his compensable injury and follow-up visits for his erectile dysfunction.
4. Defendants shall pay the costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER